## IN THE COURT OF APPEALS OF IOWA

No. 17-0935
Filed August 16, 2017

**IN THE INTEREST OF N.K. and D.O.,**
**Minor Children,**

**V.R., Mother,**
           Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Jason A. Burns, District Associate Judge.

A mother appeals the termination of her parental rights to her two children. **AFFIRMED.**

Ellen R. Ramsey-Kacena, Cedar Rapids, for appellant mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney General, for appellee State.

Noelle R. Murray of Murray Law Office, Cedar Rapids, guardian ad litem for minor children.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

A mother, V.R., appeals the termination of her parental rights to her two children, asserting a deficiency in the notice of the termination hearing, she should have been given additional time to pursue reunification, and termination was not in the children's best interests. Finding no merit to her assertions, we affirm the district court's termination of the mother's parental rights.[1]

We review termination of parental rights cases de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). Rulings on motions to continue within the case are reviewed for an abuse of discretion and will only be reversed if injustice will result against the party seeking the motion. *In re C.W.*, 554 N.W.2d 279, 281 (Iowa Ct. App. 1996).

As the district court noted, V.R., the mother of six children, "has a long history of struggles and failures," as well as a long history of involvement with the department of human services (DHS).[2] Along with her unaddressed drug abuse, the mother has mental health issues, has failed to comply with offered services, and has only secured sporadic employment or housing. The mother's parental rights to N.K., born 2013, were terminated under Iowa Code section 232.116(1)(f) and (g) (2017); her rights to D.O., born 2016, were terminated under section 232.116(1)(g) and (h). She does not contest the statutory findings as to the grounds for termination, and therefore, we affirm those findings. *See In re P.L.*,

---

[1] The parental rights of the fathers of the two children were also terminated; neither appeals.
[2] The record includes evidence of at least a decade of the mother's use of illegal substances while caring for her children, resulting in none of the four older children remaining in her care.

778 N.W.2d 33, 40 (Iowa 2010) (stating we need not address issues not challenged by a parent on appeal).

The mother claims she did not have adequate notice of the termination hearing but only as it affects her parental rights to D.O. The petition was filed on March 22, 2017, but was not served on her until April 6, with the matter coming on for hearing on April 11. However, the petition to terminate her parental rights to N.K. was filed on January 30, 2017, and the hearing on that petition was also set for April 11. When the termination hearing commenced, the State asserted the mother's former counsel had recommended the termination of the mother's parental rights as to both children be held at the same time, for the benefit of the mother, thus sparing her having "to go through two separate trials." The mother's subsequent counsel did not disagree with that assessment, and although her attorney expected the mother to be present for the termination hearing, the mother failed to appear. The district court found the mother "did have actual notice through her attorney that it was incoming and that her attorney at that time had requested that those be scheduled together." As the record supports this finding, we agree. *See In re R.E.*, 462 N.W.2d 723, 727 (Iowa Ct. App. 1990) (finding sufficient notice where the mother had knowledge of the ongoing proceedings and the mother's attorney had notice of the hearing and pretrial contact with the mother).

Next, the mother asserts she should have been given additional time to pursue reunification with the children. However, she sets forth no factual support for her assertion. Given the number of years this mother has been receiving and only sporadically complying with services, we see no merit in her assertion. *See*

*In re A.A.G.*, 708 N.W.2d 85, 92–93 (Iowa Ct. App. 2005) (noting no extension of time is warranted when it appears the situation will not change in the near future).

Finally, the mother asserts it is not in the children's best interests to terminate her parental rights, as severing the bond she has with the children would be detrimental to them. The service provider who supervised the mother's visits with the children noted the mother is "very nurturing" and "brings toys [and] candies" to the visits. However, the provider concluded the children see the mother at the visits as more of someone fun to "hang out with" rather than a parent. The mother has only attended ten of the twenty-five visits the worker supervised, weakening her assertion her bond with the children should hinder termination. *See* Iowa Code § 232.116(3)(c). As to the best interests of the children under Iowa Code section 232.116(2), the DHS worker testified the mother has only regressed during her involvement with the family and that the mother "appears [physically] to be heavily into her addiction . . . she looks almost gaunt. Umm, just—she looks like a thin shell of herself." This answer reflects the state the mother was in after she absconded to Florida with the children in September 2016, shortly before their final removal from the home, when she was found disoriented, covered with sores, and not caring for the children. Upon her return to Iowa, the mother tested positive for methamphetamine. Based on the record before us, we agree with the district court that termination was in the best interests of the children.

Because we conclude the mother had actual notice of the termination hearing, additional time was not warranted, and termination was in the best

interests of the children, we affirm the termination of the mother's parental rights to N.K. and D.O.

**AFFIRMED.**